UNITED STATES OF AMERICA

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERITA BURSE,

    Plaintiff,                                                                                  Case No. 23-11072

-v-

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT,

    Defendant.
_____/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
E-mail:  joey@wrongfullydischarged.com
_____/

# **COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the plaintiff, Sherita Burse ("plaintiff"), by and through her counsel, The Niskar Law Firm, PLLC, and for her complaint against the defendant respectfully states unto this Honorable Court as follows:

## A. Statement of Jurisdiction and Venue

1. Plaintiff is a resident of the County of Oakland, State of Michigan.

2. Defendant, Detroit Public Schools Community District ("defendant"), is a Michigan school district located in, and which regularly conducts its primary functions and activities within the City of Detroit, County of Wayne, State of Michigan, and thus within the geographic region constituting the Eastern District of Michigan, Southern Division.

3. The pertinent events giving rise to this cause of action occurred in whole or substantial part in the County of Wayne, State of Michigan, and thus inside the Eastern District of Michigan, Southern Division.

4. As defendant is located in, regularly conducts its primary functions and activities in, and all pertinent events giving rise to this action occurred inside the Eastern District of Michigan, Southern Division, this Honorable Court possesses personal jurisdiction over defendant, and venue is proper pursuant to 28 USC § 1391.

5. Plaintiff alleges violations of the Americans with Disabilities Act, 42 USC § 12101, *et seq.* (hereafter the "ADA") and Section 504 of the Rehabilitation Act of 1973, 29 USC § 794, *et seq.* ("the Rehabilitation Act"). Therefore, this Honorable Court possesses original subject matter jurisdiction pursuant to 28 USC § 1331 and 42 USC § 12117(a) [adopting by reference 42 USC § 2000e-5(f)(3)]. This Honorable Court possesses supplemental jurisdiction

over plaintiff's state law claims pursuant to 28 USC § 1367.

6. Plaintiff has complied with all procedural prerequisites to filing this action under the ADA, including the timely filing of one or more charge(s) of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the timely filing of this action with the Court upon her receipt of notice(s) of the right to sue from the EEOC.

### B. Factual Allegations

Plaintiff incorporates all prior averments, as if fully set forth herein.

7. Plaintiff was hired by defendant to work as a teacher in 2017.

8. Plaintiff initially worked for defendant as a teacher at Edison Elementary School.

9. After the Covid-19 pandemic hit Michigan, defendant ceased on-site teaching of students and transitioned to the remote teaching of students.

10. Plaintiff developed severe agoraphobia, depression, anxiety with both frequent and severe panic attacks, including panic attacks which cause her to lose consciousness. Plaintiff frequently suffers severe panic attacks when she has to leave her home.

11. Plaintiff likewise suffers from asthma which is triggered and exacerbated by extreme temperatures.

12. Plaintiff's mental and physical health conditions substantially limit and/or impair multiple major life activities including, but not limited to breathing,

walking, standing, thinking, caring for herself, seeing, hearing, communicating and eating.

13. Defendant transitioned most of its teaching operations back to in-person learning for the 2021-2022 school year.

14. Defendant created the Virtual School program which provides for the continuation of remote learning for students whose parents prefer to have their children continue virtual learning.

15. On or about July 29, 2021, plaintiff submitted a request to be transferred to the Virtual School program as a reasonable accommodation for her disabilities, and submitted documentation from her health care provider(s) certifying her need for remote work as a reasonable accommodation due to her disabilities.

16. Plaintiff's request to be transferred to the Virtual School program was initially granted, but defendant failed to issue any decision on plaintiff's request for reasonable accommodation of her disabilities at that time.

17. Plaintiff worked remotely from home and remotely taught students through the Virtual School program for the entire 2021-2022 school year.

18. A performance review was conducted to assess plaintiff's performance for the 2021-2022 school year, and she was ranked as being "highly effective," which is the highest possible performance ranking.

19. During the 2021-2022 school year, defendant began to mark plaintiff absent

from in-person attendance at the building location from which the Virtual School program was administered and issue disciplinary actions against her, despite the fact that the students were learning from their homes, plaintiff needed to teach from home as a reasonable accommodation for her conditions, and plaintiff could perform the essential functions of her job remotely from her home. As a result, plaintiff filed a charge of discrimination with the EEOC alleging unlawful disability discrimination, and unlawful retaliation under the ADA.

20. On or about June 17, 2022, defendant submitted a position statement to the EEOC in response to plaintiff's charge stating, *inter alia*, that the disciplinary actions taken against plaintiff would be retracted.

21. Ten (10) days later, on June 27, 2022, defendant terminated plaintiff's assignment to the Virtual School for the stated reason of decreased student enrollment in the Virtual School program resulting in more teachers seeking positions in the Virtual School program than were available.

22. Plaintiff requested that she be retained and/or assigned to the Virtual School program as a reasonable accommodation for her disabilities.

23. Selection for retention in and/or assignment to the Virtual School program was reportedly based upon teacher seniority.

24. Multiple teachers with less seniority than plaintiff were retained in or assigned to teaching positions in the Virtual School program that plaintiff

was qualified to teach, and one or more individuals from outside of the school district having no seniority were hired and assigned to teach in the Virtual School program in positions plaintiff was qualified to teach.

25. Defendant assigned plaintiff to an in-person teaching position at Bagley Elementary School for the 2022-2023 school year knowing that, due to her disabilities, plaintiff cannot teach on an in-person basis.

26. Due to defendant's failure and/or refusal to afford plaintiff reasonable accommodation which would effectively enable her to perform the essential functions of her job, plaintiff has been unable to teach, has ceased receiving her salary, and was not paid a retention bonus she would have otherwise received.

27. In light of the continuation of the Virtual School program, the essential functions of plaintiff's job did not require her physical, on-site presence at a school, and plaintiff could perform the essential functions of her job with reasonable accommodation, specifically including remote work through the Virtual School program.

28. Defendant denied plaintiff's request for reasonable accommodation(s), specifically including her request to teach remotely through the Virtual School program.

29. As more fully set forth below, defendant failed and/or refused to provide plaintiff with reasonable accommodation(s) (including remote work through

the Virtual School program), prevented plaintiff from working as a result of the refusal to provide reasonable accommodation(s), and unlawfully retaliated against plaintiff by not selecting her for retention and assignment to the Virtual School program, terminating her assignment to the Virtual School program and refusing to thereafter assign plaintiff to the Virtual School program due to plaintiff exercising rights under the ADA, the Rehabilitation Act and Michigan Persons with Disabilities Civil Rights Act, MCL § 37.1101, *et seq*. ("PWDCRA"), and/or opposing actual or suspected violations of those acts.

### C.  Count I – Violations of the Americans with Disabilities Act, 42 USC § 12101, *et seq.* ("ADA") – Disability Discrimination and Retaliation

Plaintiff incorporates all prior averments, as if fully set forth herein.

30. Plaintiff has at all pertinent times been and continues to be a qualified individual with a disability within the meaning of 42 USC § 12111(8).

31. Defendant has at all pertinent times been and continues to be an employer of plaintiff within the meaning of 42 USC § 12111(5), and has at all pertinent times been subject to the prohibitions against discrimination on the basis of disability and retaliation contained in the ADA.

32. Plaintiff has at all pertinent times held and continues to hold the qualifications necessary to work as a teacher for defendant.

33. Plaintiff has at all pertinent times been able, and continues to be able to

perform the essential functions of her job either with or without reasonable accommodation(s).

34. Plaintiff has requested reasonable accommodation to enable her to perform her job, specifically including remote work through the Virtual School program.

35. Defendant failed and/or refused to properly and timely engage in the mandatory interactive process to identify the nature and extent of plaintiff's impairment(s), her need for accommodation(s), the nature and extent of accommodation(s) needed and/or the availability and feasibility of reasonable accommodation(s) to enable her to maintain and perform the essential functions of her job.

36. Defendant failed and/or refused to afford and/or to continue to afford plaintiff the use of reasonable accommodation(s) to maintain and perform her job, specifically including but not necessarily limited to allowing plaintiff to work remotely through the Virtual School program.

37. Defendant has violated the ADA, and is liable to plaintiff under the ADA by:

   a. taking the aforementioned adverse employment action(s) against plaintiff because of her disability;
   b. failing and/or refusing to afford and/or allow plaintiff reasonable accommodation(s) which would enable her to maintain and perform the essential functions of the job;
   c. failing and/or refusing to timely and properly engage with plaintiff in the interactive process required by the ADA;
   d. unlawfully removing plaintiff from the Virtual School program in

    retaliation for exercising rights under the ADA and/or opposing violations or suspected violations of the ADA;

 e. unlawfully refusing to place plaintiff back into the Virtual School program in retaliation for exercising rights under the ADA and/or opposing violations or suspected violations of the ADA;

 f. unlawfully retaliating against plaintiff for exercising rights under the ADA and/or opposing violations or suspected violations of the ADA; and

 g. if defendant terminates plaintiff's employment in whole or in part for not reporting to work in-person, then further for terminating plaintiff as a result of defendant's failure to afford her reasonable accommodation (including that of remote work) and/or in retaliation for her exercise of rights under the ADA, and/or due to her opposition to violations or suspected violations of the ADA.

38. Defendant's violations of the ADA have been done with malice and/or reckless indifference plaintiff's rights, thereby entitling plaintiff to punitive damages, in addition to all other damages available at law.

39. As a direct and proximate result of the defendant's violations of the ADA and the regulations promulgated thereunder, plaintiff has incurred all damages available at law, both past, present and into the future, specifically including all damages provided for in 42 USC § 12117(a), 42 USC § 2000e-5 and 42 USC § 1981a, including but not limited to lost wages and/or salary, the value of any lost employment benefits, loss of other compensation denied and lost, consequential damages, non-economic damages including emotional distress and/or mental anguish damages, any incurred medical expenses, punitive damages, interest, costs of litigation, and attorney fees.  Plaintiff hereby seeks recovery of, and is entitled to

recovery of, all such damages incurred, and those that will be incurred in the future (including front-pay).

40. In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order compelling defendant to reinstate plaintiff to her former position, compelling defendant to retroactively restore plaintiff's seniority rights and/or opportunities for promotion, declaring that defendant violated the ADA in the aforementioned ways, enjoining defendant from further violations of the ADA against plaintiff and others, enjoining defendant from taking any adverse employment action against plaintiff in retaliation for exercising her rights under the ADA and/or opposing actual or suspected violations of the ADA, requiring defendant to afford and provide plaintiff with reasonable accommodation(s) (specifically including remote work), and enjoining defendant from taking any materially adverse action against plaintiff except upon a showing of just and good cause by clear and convincing evidence.  Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including back-pay, non-economic damages, the value of any lost benefits, consequential damages, the costs of any medical care, attorney fees, punitive damages, costs, interest, etc.

**D.  Count II – Violation(s) of Section 504 of the Rehabilitation Act of 1973, 29 USC § 794, *et seq*. ("the Rehabilitation Act") – Disability Discrimination and Retaliation**

Plaintiff incorporates all prior averments, as if fully set forth herein.

41. Plaintiff has at all pertinent times been and continues to be an "otherwise qualified individual with a disability" as defined and contemplated by the Rehabilitation Act, 29 USC § 794(a).

42. Defendant has at all pertinent times been and continues to be a program or activity which receives federal funding as defined and contemplated by the Rehabilitation Act, 29 USC § 794(a)-(b).

43. Defendant has at all pertinent times been and continues to be subject to the requirements and prohibitions contained within the Rehabilitation Act, specifically including the prohibition against exclusion from participation in the program or activity, denial of the benefits of the program or activity, and/or discrimination because of disability.

44. Plaintiff has at all pertinent times held and continues to hold the qualifications necessary to work as a teacher for defendant.

45. Plaintiff has at all pertinent times been able, and continues to be able to perform the essential functions of her job either with or without reasonable accommodation(s).

46. Plaintiff has requested reasonable accommodation to enable her to perform her job, specifically including remote work through the Virtual School

program.

47. Defendant failed and/or refused to properly and timely engage in the mandatory interactive process to identify the nature and extent of plaintiff's impairment(s), her need for accommodation(s), the nature and extent of accommodation(s) needed and/or the availability and feasibility of reasonable accommodation(s) to enable her to maintain and perform the essential functions of her job.

48. Defendant failed and/or refused to afford and/or to continue to afford plaintiff the use of reasonable accommodation(s) to maintain and perform her job, specifically including but not necessarily limited to allowing plaintiff to work remotely through the Virtual School program

49. Defendant has violated the Rehabilitation Act, and is liable to plaintiff under the Rehabilitation Act by:

   a. taking the aforementioned adverse employment action(s) against plaintiff because of her disability;
   b. failing and/or refusing to afford and/or allow plaintiff reasonable accommodation(s) which would enable her to maintain and perform the essential functions of the job;
   c. failing and/or refusing to timely and properly engage with plaintiff in the interactive process required by the Rehabilitation Act;
   d. unlawfully removing plaintiff from the Virtual School program in retaliation for exercising rights under the Rehabilitation Act and/or opposing violations or suspected violations of the Rehabilitation Act;
   e. unlawfully refusing to place plaintiff back into the Virtual School program in retaliation for exercising rights under the Rehabilitation Act and/or opposing violations or suspected violations of the Rehabilitation Act;
   f. unlawfully retaliating against plaintiff for exercising rights under the

        Rehabilitation Act and/or opposing violations or suspected violations of the Rehabilitation Act; and

   g.    if defendant terminates plaintiff's employment in whole or in part for not reporting to work in-person, then further for terminating plaintiff as a result of defendant's failure to afford her reasonable accommodation (including that of remote work) and/or in retaliation for her exercise of rights under the Rehabilitation Act, and/or due to her opposition to violations or suspected violations of the Rehabilitation Act.

50. Defendant's violations of the Rehabilitation Act were done with malice and/or reckless indifference plaintiff's rights, thereby entitling plaintiff to punitive damages, in addition to all other damages available at law.

51. As a direct and proximate result of the defendant's violations of the Rehabilitation Act and the regulations promulgated thereunder, plaintiff has incurred all damages available at law, both past, present and into the future, specifically including all damages provided for in 29 USC § 794a, including but not limited to lost wages, lost overtime wages, the value of any lost employment benefits, loss of other compensation denied and lost, consequential damages, non-economic damages including emotional distress and/or mental anguish damages, any incurred medical expenses, punitive damages, interest, costs of litigation, and attorney fees. Plaintiff hereby seeks recovery of, and is entitled to recovery of, all such damages incurred, and those that will be incurred in the future (including front-pay).

52. In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order compelling defendant to reinstate plaintiff to her

former position, compelling defendant to retroactively restore plaintiff's seniority rights and/or opportunities for promotion, declaring that defendant violated the Rehabilitation Act in the aforementioned ways, enjoining defendant from further violations of the Rehabilitation Act against plaintiff and others, enjoining defendant from taking any materially adverse action against plaintiff in retaliation for exercising her rights under the Rehabilitation Act and/or opposing actual or suspected violations of the Rehabilitation Act, requiring defendant to afford and provide plaintiff with reasonable accommodation(s) (specifically including remote work), and enjoining defendant from taking any adverse employment action against plaintiff except upon a showing of just and good cause by clear and convincing evidence. Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including back-pay, non-economic damages, the value of any lost benefits, consequential damages, the costs of any medical care, attorney fees, punitive damages, costs, interest, etc.

### E. Count III – Violations of the Michigan Persons with Disabilities Civil Rights Act, MCL § 37.1101, *et seq* ("PWDCRA") – Disability Discrimination and Retaliation

Plaintiff incorporates all prior averments, as if fully set forth herein.

53. At all pertinent times plaintiff has been and continues to be a person with a disability within the meaning of MCL § 37.1103(h) whose disability

qualifies as such under MCL § 37.1103(d), and an "individual" within the meaning of MCL § 37.1202.

54. At all pertinent times defendant has been and continues to be a "person" within the definition and meaning of MCL § 37.1103(g), and an "employer" of plaintiff within the meaning of MCL § 37.1201(b), and subject to the prohibitions against discrimination on the basis of disability and retaliation contained in the PWDCRA.

55. Plaintiff has at all pertinent times held and continues to hold the qualifications necessary to work as a teacher for defendant.

56. Plaintiff has at all pertinent times been able, and continues to be able to perform the essential functions of her job either with or without reasonable accommodation(s).

57. Plaintiff has requested reasonable accommodation to enable her to perform her job, specifically including remote work through the Virtual School program.

58. Defendant failed and/or refused to properly and timely engage in the mandatory interactive process to identify the nature and extent of plaintiff's impairment(s), her need for accommodation(s), the nature and extent of accommodation(s) needed and/or the availability and feasibility of reasonable accommodation(s) to enable her to maintain and perform the essential functions of her job.

59. Defendant failed and/or refused to afford and/or to continue to afford plaintiff the use of reasonable accommodation(s) to maintain and perform her job, specifically including but not necessarily limited to allowing plaintiff to work remotely through the Virtual School program

60. Defendant has violated the PWDCRA, and is liable to plaintiff under the PWDCRA by:

    a. taking the aforementioned adverse employment action(s) against plaintiff because of her disability;
    b. failing and/or refusing to afford and/or allow plaintiff reasonable accommodation(s) which would enable her to maintain and perform the essential functions of the job;
    c. failing and/or refusing to timely and properly engage with plaintiff in the interactive process required by the PWDCRA;
    d. unlawfully removing plaintiff from the Virtual School program in retaliation for exercising rights under the PWDCRA and/or opposing violations or suspected violations of the PWDCRA;
    e. unlawfully refusing to place plaintiff back into the Virtual School program in retaliation for exercising rights under the PWDCRA and/or opposing violations or suspected violations of the PWDCRA;
    f. unlawfully retaliating against plaintiff for exercising rights under the PWDCRA and/or opposing violations or suspected violations of the PWDCRA; and
    g. if defendant terminates plaintiff's employment in whole or in part for not reporting to work in-person, then further for terminating plaintiff as a result of defendant's failure to afford her reasonable accommodation (including that of remote work) and/or in retaliation for her exercise of rights under the PWDCRA, and/or due to her opposition to violations or suspected violations of the PWDCRA.

61. Defendant's violations of the PWDCRA have been done with malice and/or reckless indifference plaintiff's rights, thereby entitling plaintiff to exemplary damages, in addition to all other damages available at law.

62. As a direct and proximate result of the defendant's violations of the PWDCRA and the regulations promulgated thereunder, plaintiff has incurred all damages available at law, both past, present and into the future, specifically including all damages provided for in MCL § 37.1606, including but not limited to lost wages and/or salary, the value of any lost employment benefits, loss of other compensation denied and lost, consequential damages, non-economic damages including emotional distress and/or mental anguish damages, any incurred medical expenses, punitive damages, interest, costs of litigation, and attorney fees. Plaintiff hereby seeks recovery of, and is entitled to recovery of, all such damages incurred, and those that will be incurred in the future (including front-pay).

63. In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order compelling defendant to reinstate plaintiff to her former position, compelling defendant to retroactively restore plaintiff's seniority rights and/or opportunities for promotion, declaring that defendant violated the PWDCRA in the aforementioned ways, enjoining defendant from further violations of the PWDCRA against plaintiff and others, enjoining defendant from taking any materially adverse action against plaintiff in retaliation for exercising her rights under the PWDCRA and/or opposing actual or suspected violations of the PWDCRA, requiring

defendant to afford and provide plaintiff with reasonable accommodation(s) (specifically including remote work), and enjoining defendant from taking any adverse employment action against plaintiff except upon a showing of just and good cause by clear and convincing evidence.  Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including back-pay, non-economic damages, the value of any lost benefits, consequential damages, the costs of any medical care, attorney fees, punitive damages, costs, interest, etc.

WHEREFORE plaintiff respectfully requests this Honorable Court to enter judgment in her favor, and against the defendant for all compensatory damages (past and future economic and non-economic damages) available under the law, punitive damages, exemplary damages, as well as interest, and all attorney fees and costs incurred in having to investigate, pursue, litigate and prosecute plaintiff's claims pursuant to the ADA, the Rehabilitation Act, and the PWDCRA.

    Respectfully submitted,

    THE NISKAR LAW FIRM, PLLC

    By: /s/ Joey S. Niskar
    JOEY S. NISKAR (P55480)
    Attorney for Plaintiff
    P.O. Box 252917
    West Bloomfield, MI  48325
    (248) 702-6262
Dated:  May 5, 2023    E-mail:  joey@wrongfullydischarged.com

UNITED STATES OF AMERICA

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERITA BURSE,

      Plaintiff,                                                          Case No. 23-11072

-v-

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT,

      Defendant.
_____/
JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
E-mail:  joey@wrongfullydischarged.com
_____/

## **DEMAND FOR JURY TRIAL**

      The plaintiff, Sherita Burse, hereby demands a trial by jury on all issues in this case.

                                                            Respectfully submitted,

                                                             By: /s/ Joey S. Niskar
                                                             JOEY S. NISKAR (P55480)
                                                             Attorney for Plaintiff
                                                             P.O. Box 252917
                                                             West Bloomfield, MI  48325
                                                             (248) 702-6262
Dated:  May 5, 2023                         E-mail: joey@wrongfullydischarged.com