UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHERITA BURSE,<br><br>Plaintiff,<br><br>v.<br><br>DETROIT PUBLIC SCHOOLS COMMUNITY DISTRICT,<br><br>Defendant. | Case No. 23-cv-11072<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER ABOUT PENDING DISCOVERY MOTION**

Plaintiff Sherita Burse moves for default judgment or other sanctions against Defendant Detroit Public Schools Community District (DPS) for failing to comply with a discovery order. ECF No. 21. The Honorable Shalina D. Kumar referred all discovery matters to the undersigned under 28 U.S.C. § 636(b). ECF No. 11. The Court held a hearing on June 25, 2024.

In August 2023, Burse served interrogatories and requests for production on DPS. ECF No. 21-2; ECF No. 21-3. DPS did not timely respond. In November 2023, the Court entered a stipulated order compelling DPS to "provide full and complete answers" to Burse's

discovery requests within one week. ECF No. 14. DPS did not respond to the requests until December 2023. ECF No. 21, PageID.96; ECF No. 21-8. DPS supplemented its responses several times in April and May 2024. ECF No. 21-9; ECF No. 21-10; ECF No. 21-11; ECF No. 21-12; ECF No. 21-13.

But DPS's responses still are not full or complete. Of particular concern are discovery requests about DPS's reasons for denying Burse's application to continue working for the virtual school program and denial of her request for a reasonable accommodation to teach remotely. ECF No. 21, PageID.90-91. DPS stated in its discovery responses that Burse "was offered a position as [a] teacher at the Virtual School for the 2022-2023 school year. She refused that offer." ECF No. 21-8, PageID.184. But DPS admitted during the hearing that it lacks any records supporting that assertion.

At the hearing, DPS offered affidavits from Benjamin Jackson and Aisha Greene, heads of DPS's human resources department, stating that they performed "diligent and thorough" searches but could not locate any record that Burse either applied or interviewed for a position at the virtual school for the 2022-2023 school year. Those affidavits contradict an email from Principal Philip Van Hook to Burse stating that "all staff were asked to

complete an application and reinterview for their roles" in the virtual school but that Burse was not selected to be on staff.  ECF No. 26-2, PageID.348.  Counsel for DPS stated that this email was not in its records, claiming that Van Hook is no longer employed at DPS and that DPS did not archive his emails.

DPS's representation that it conducted diligent searches of its records is not credible, nor is its position that data from Van Hook's email account is inaccessible.  Jackson's and Greene's affidavits are conclusory and lack meaningful explanations about what steps they took to locate relevant records.  And defense counsel admitted that Jackson and Greene are not IT specialists familiar with retrieving electronic data from network servers.  *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 636 (E.D. Mich. 2021) (describing parties' obligation to designate an e-discovery liaison who is "knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues, and relevant information retrieval technology, including search methodology.") (cleaned up).[1]  Thus, DPS has not discharged its obligation

---

[1] *See also* Principle 2.02, Model Order Relating to the Discovery of Electronically Stored Information (ESI), United States District Court for the Eastern District of Michigan (Sept. 20, 2013), http://www.mied.uscourts.gov/PDFFIles/ModelESIDiscoveryOrderAndRule 26fChecklist.pdf (last viewed June 25, 2024).

3

under Federal Rule of Civil Procedure 26(g) to provide complete and correct discovery responses after making a reasonably inquiry.

**By July 12, 2024**, DPS must engage a specialist in electronic data retrieval to locate internal emails and other documents reflecting (1) DPS's reasons for not selecting Burse to teach in the virtual school for the 2022-2023 school year; (2) its denial of Burse's request for a reasonable accommodation to teach remotely; (3) why Burse was not selected for vacancies in the virtual school in later years; and (4) Burse's alleged rejection of an offer of employment at the virtual school.  By the same date, DPS must file a memorandum with an affidavit from the IT specialist detailing the efforts made to locate those documents, including emails from Van Hook's email account.  If DPS still maintains that Van Hook's email account is inaccessible, the affidavit must specify when he left the district and what happened to the data from his email account after he left.  And given the conflicting accounts of why Burse was not selected for the virtual school, DPS must also include in its memorandum supplemental responses to Burse's interrogatories about DPS's reasoning.

Burse may file a response to the memorandum by July 19, 2024. The Court will then decide whether to impose sanctions permitted under Federal Rules of Civil Procedure 26(g)(3), 37(b), or 37(e).  DPS is warned

that it may be sanctioned with a default judgment or other case-altering sanctions if it fails to correct the deficiencies in its discovery responses or to fully comply with this order.

Dated: June 26, 2024

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 26, 2024.

s/Donald Peruski
DONALD PERUSKI
Case Manager