UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERITA BURSE,

                Plaintiff,

v.

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT,

                Defendant.

Case No. 23-11072
Honorable Shalina D. Kumar
Magistrate Judge Elizabeth A. Stafford

**ORDER OVERRULING DEFENDANT'S OBJECTIONS (ECF NO. 36), ADOPTING REPORT AND RECOMMENDATION (ECF NO. 33), AND GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF NO. 21)**

## I.    Introduction

Plaintiff Sherita Burse sued defendant Detroit Public Schools Community District ("DPS") under the American with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*, the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, and Michigan's Persons with Disabilities Civil Rights Act (the "PWDCRA"), M.C.L. 37.1101 *et seq.*, alleging disability discrimination and retaliation arising from DPS's decision to move Burse's teaching position from a virtual school to an in-person school and to deny Burse's reasonable accommodation request for reassignment to the virtual school. ECF No. 1.

The Court referred all discovery matters in this case to the magistrate judge under 28 U.S.C. § 636(b). ECF Nos. 11, 22.

Burse filed a motion for default judgment against DPS for violating discovery orders. ECF No. 21. The magistrate judge issued a Report and Recommendation ("R&R"), which recommends granting Burse's motion in part and ordering default judgment against DPS on Burse's retaliation claims. ECF No. 33. DPS timely filed objections to the R&R. ECF No. 36. For the following reasons, the Court overrules DPS's objections and adopts the R&R.

## II. Standard of Review

When a party files objections to an R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the R&R releases the Court from

its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). Absent "compelling reasons," arguments or issues that were not presented to the magistrate may not be presented in objections to the R&R. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.
>
> *Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021) (internal citations, quotations, and marks omitted).

## III. Analysis

DPS objects to the magistrate judge's findings that support entry of default judgment as a discovery sanction. Specifically, the magistrate judge found that (1) DPS thwarted the case's proceedings and showed a reckless disregard for the effect of its conduct on the proceedings; (2) DPS's conduct prejudiced Burse; (3) the Court warned DPS that the failure to cooperate could result in default judgment; and (4) lesser sanctions were inadequate. *See KCI USA, Inc. v. Healthcare Essentials, Inc.*, 801 F. App'x

928, 934 (6th Cir. 2020) (explaining such considerations may determine whether default judgment is appropriate as a discovery sanction).

According to DPS, the record shows no intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on the proceedings because DPS regularly communicated with plaintiff's counsel about discovery, provided discovery answers and supplemental answers, and engaged an electronic data specialist to search for specific records as instructed.

However, DPS's argument misses the point. Even if DPS participated in discovery as described, it still refused to disclose critical, requested information—the reason why plaintiff, in particular, was selected for removal from and not later reassigned to the virtual school. *See* ECF Nos. 21-6, 21-8, 21-12; ECF No. 29-3, PageID.379. Through virtually the entire case, DPS maintains that it removed Burse from the virtual school because its demand for teachers at the virtual school decreased. *See, e.g.*, ECF No. 21-6, PageID.145; ECF No. 36, PageID.548. Even if DPS generally had to remove some teachers from its virtual school, it is undisputed that it selected other teachers for the virtual school—DPS has provided no explanation for why Burse was not among those teachers selected. Through three periods of discovery and despite two court orders

addressing DPS' deficient explanation, ECF Nos. 14, 28, DPS has refused—and still refuses—to provide information particularly explaining its school placement decisions as to Burse.

DPS's refusal to provide information particularly explaining its school placement decisions as to Burse aligns with its general pattern of evading its discovery obligations. *See* ECF Nos. 21-9, 21-10, 21-11, 21-12, 21-13 (DPS's multiple discovery responses supplementing earlier incomplete responses). As a notable example, DPS represented to the Court that a former virtual school principal's email account containing key records was inaccessible. ECF No. 34, PageID.473. The magistrate judge ordered DPS to engage an electronic data specialist to search for the records and to file an affidavit from the specialist specifying when the principal left the district and what happened to the data from his email account if DPS maintained that the account was inaccessible. ECF No. 28, PageID.366. DPS then filed an affidavit cryptically stating that "[a] search was conducted as to" a list of email accounts, which included the principal's email account. ECF No. 29-2, PageID.375. The affidavit does not indicate whether the specialist was actually able to access the principal's email account or whether the account still contains any data or emails. Likewise, it does not indicate whether the email account was indeed inaccessible, what happened to the

data in the account, and the date that the principal left the district, thereby evading the Court's order and inquiry regarding the principal's email account.

The Court agrees with the magistrate judge's finding that DPS's conduct, especially its refusal to supply information explaining its school placement decision as to Burse and its evasion of the Court's inquiry and order regarding the principal's email account, shows an intent to thwart the case's proceedings and a reckless disregard for the effect of DPS's conduct on the proceedings. Accordingly, the Court overrules DPS's objection to this finding.

DPS next objects to the magistrate judge's findings that DPS's conduct prejudiced Burse and that the Court warned DPS that the failure to cooperate could result in default judgment. On these issues, DPS presents the same arguments that had been presented to the magistrate judge. Because the magistrate judge's analysis is not clearly erroneous, the Court overrules DPS's objections to the magistrate judge's findings of prejudice and warning. *See Carroll*, 2021 WL 1207359, at *2.

DPS last objects to the magistrate judge's finding that lesser sanctions are inadequate. According to DPS, the magistrate judge could have adequately addressed DPS's conduct by granting a fourth period of

discovery, awarded Burse costs, or preclude DPS from relying on unproduced evidence or information at trial. Courts are not required to "incant a litany of the available lesser sanctions" or to articulate what alternatives they considered. *Harmon v. CSX Transp. Inc.*, 110 F.3d 364, 369 (6th Cir. 1997). Nevertheless, here, the magistrate judge considered and rejected lesser sanctions, finding them to be inadequate to remedy the prejudice to Burse and to protect the integrity of pre-trial proceedings. ECF No. 33, PageID.458. Additionally, DPS's failure to comply with the magistrate judge's earlier discovery orders, *see, e.g.*, ECF No. 28, repudiates any argument that lesser sanctions would have been effective to deter DPS's conduct and supports entry of default judgment as to Burse's retaliation claims.[1] *See Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 378 (6th Cir. 2008) (continued obstruction after discovery sanctions demonstrates inadequacy of lesser sanctions).

---

[1] DPS asserts that the R&R is ambiguous because Burse has "three (3) separate claims of retaliation," ECF No. 36, PageID.543-44, yet the R&R recommends granting default judgment as to plaintiff's "retaliation claim", ECF No. 33, PageID.459. Although Burse brings a retaliation claim under the ADA, the Rehabilitation Act and the PWDCRA, they are identical and arise from the same conduct—DPS's removal of Burse from the virtual school and its refusal to reassign her there. *See* ECF No. 1. Accordingly, the Court clarifies that default judgment is warranted for each of Burse's retaliation claims.

## IV.     Conclusion

The Court **OVERRULES** DPS's objections (ECF No. 36) and **ADOPTS** the magistrate judge's R&R. ECF No. 33.

Accordingly, **IT IS ORDERED** that Burse's motion for default judgment (ECF No. 21) is **GRANTED IN PART**. The Court **GRANTS** default judgment against DPS on Burse's retaliation claims, and, at trial, DPS is precluded from relying on any evidence or explanations for its actions that should have been provided in response to discovery requests but were not.

Dated: February 25, 2025

s/ Shalina D. Kumar  
SHALINA D. KUMAR  
United States District Judge